UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL JACINTO, | ) |
|         Petitioner, | ) |
| v. | ) Case No. 2:14-cv-290-JMS-MJD |
| RICHARD BROWN, | ) |
|         Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Daniel Jacinto for a writ of habeas corpus challenges a prison disciplinary proceeding in WVC 13-10-0032 in which he was found guilty of Aiding/Abetting Assault/Battery. For the reasons explained in this entry, Mr. Jacinto's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On September 28, 2013, Internal Affairs Investigator Nicholas Hatfield wrote a Report of Conduct charging Mr. Jacinto with Class A offenses #111/#102, Aiding/Abetting Assault/Battery. The Conduct Report states:

> On 9/28/2013 at or about 2129 hrs Offender Buttery and Offender Musall, Jeremy 192760 entered Cell 416 shortly after offender Farris, Jeremy 158033 entered the cell while Offender Jacinto, Daniel 114742 stood outside the cell facing the Day room. Offender Jacinto makes entry into the room for approximately 10 seconds and exits again.
>
> At 2300 hours staff was notified that Offender Simpson Wesley 862893 needed medical attention. Upon staff arrival Simpson had severe injuries to his head, face, ear, and ribs.
>
> Jacinto was interviewed on 10/02/2013 and admitted to going into the cell where the assault took place while the assault was taking place.
>
> Video revealed the above mention[ed] entry into Cell 416 in DHU. No other inmates entered the cell during the recreation time.
>
> Offender Simpson was transported to the hospital at Methodist Hospital [where] he was treated with multiple stitches, [staples], broken ribs, punctured lung, broken cheek bones that resulted in surgery.

An Internal Affairs investigation was conducted and a Report of Investigation was prepared. The Report of Investigation reveals that a search of the victim's (Offender Simpson) property produced two padlocks with blood and skin on them. The padlocks were admitted as evidence and placed in an evidence lock. Video surveillance was reviewed which showed Mr. Jacinto entering the cell where the assault occurred. Further, independent of the video evidence, Mr. Jacinto was identified as one of four attackers who hit Simpson with locks and fists and kicked him. Mr. Jacinto admitted that he entered Simpson's cell. Simpson suffered severe injuries which required being transported to the hospital for surgery.

On October 8, 2013, Mr. Jacinto was notified of the charge of offenses #111 and #102 and was served with the conduct report and the notice of disciplinary hearing screening report. Mr. Jacinto was notified of his rights and pled not guilty. He requested witness statements from Offenders Buttery, Farris, and Musall. Witness statements were obtained from all three offenders. The screening officer noted that Mr. Jacinto said "Everything happened before I got there. Everything was done when I showed up. I was never involved." Dkt. 11-2. Additionally, Mr. Jacinto requested video footage as physical evidence. He stated, "I stepped one foot inside the cell and stepped right back out. I should be on camera the whole time." *Id.*

At the hearing conducted on October 10, 2013, the hearing officer found Mr. Jacinto guilty based on the conduct report, Mr. Jacinto's admission that he went into the cell, the photographs and confidential reports. The sanctions imposed included a written reprimand, a one month loss of phone privileges, six months in disciplinary segregation, deprivation of 100 days of earned credit time, the imposition of a suspended sanction of demotion from credit class 1 to credit class 2, and restitution for hospital bills. The hearing officer imposed the sanctions because of the seriousness of the offense and the likelihood of the sanctions having a corrective effect on future behavior.

Mr. Jacinto's appeals were denied. He filed this petition for writ of habeas corpus on September 19, 2014.

### III. Analysis

Mr. Jacinto's claims for habeas relief are that his due process rights were violated when: 1) he was not allowed to present documentary evidence at the hearing; 2) he lost $271.75 and his right to security in his account; and 3) he was denied the right to an impartial decision-maker.

Mr. Jacinto alleges that he requested that the video be reviewed. He argues that the video footage would show that he was not in Mr. Simpson's cell at the time the assault occurred, thus

disproving the statement in the conduct report that he admitted going into the cell at the time the assault was taking place. The confidential report was, in fact, reviewed, which included a summary of the video. Aiding and abetting, as defined by the Department of Correction Adult Disciplinary Procedures includes, "[a]ssisting another person in planning or preparing for a violation; assisting another during the commission of an offense, whether or not the assistance was planned in advance; or, assisting another to prevent the discovery of a violation or the identity of the person who committed the violation." The video summary shows that Mr. Jacinto was in or near the cell for about one minute during the three minute period of time in which offenders Buttery (who did admit to beating Simpson) and Musall (who witnessed the fight) and Farris were in Mr. Simpson's cell. Regardless of whether he went into the cell during or after the assault, Mr. Jacinto remained standing outside the cell after he was aware of the assault, for no authorized reason. The confidential report indicated that there were ongoing problems between Mr. Jacinto and the other three offenders involved in the attack and offender Simpson. Mr. Jacinto was not charged with assault. The evidence was sufficient to support the aiding and abetting charge. Mr. Jacinto has not shown that if the hearing officer had viewed the video, the outcome of the hearing would have changed. Due process only requires access to witnesses or evidence that is exculpatory. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). The video evidence is not exculpatory. Therefore, even if there were any error in relation to the video, it would be harmless error. *See Jones v. Cross*, 637 F.3d 841, 846(7th Cir.2011) (absent prejudice, any alleged due process error is harmless error).

Mr. Jacinto's next claim is that his due process rights were violated when he was ordered to pay restitution without an additional hearing. This claim is not subject to review because the imposition of a restitution sanction does not result in the imposition of "custody" subject to

challenge in a 28 U.S.C. § 2254 action. *Virsnieks v. Smith,* 521 F.3d 707, 718 (7th Cir. 2008) ("orders of restitution, fines and the revocation of medical and driver's licenses do not satisfy the 'in custody' requirement.").

Mr. Jacinto's final claim asserts that the hearing officer was not impartial because she refused to consider conflicting evidence in the form of a detailed summary of the recorded video. Inmates are entitled to an impartial decision-maker. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he constitutional standard for impermissible bias is high." *Id.* Mr. Jacinto requested a continuance so that the hearing officer could review the video report. His request was denied because Mr. Jacinto admitted to going into the cell, and this supported the finding of Aiding/Abetting the assault. More importantly, the hearing *did* consider all of the evidence, including the conduct report, Mr. Jacinto's statement, and the confidential report (which included the video timeline). Mr. Jacinto does not assert that the hearing officer had any disqualifying personal involvement in or knowledge of the circumstances involved in the conduct report. There is no evidence of bias in the proceedings.

Mr. Jacinto was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Jacinto's due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Jacinto's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  December 2, 2015

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Daniel Jacinto
No. 114742
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

Electronically registered counsel